#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LUTHER DON HYSLOP,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 21-045-RAW-KEW |
| | ) |
| **SCOTT NUNN, Warden,** | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as barred by the statute of limitations or, alternatively, as unexhausted in state court (Dkt. 8). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his convictions in Muskogee County District Court Case No. CF-2016-790 for three counts of Child Sexual Abuse.

Petitioner argues he is entitled to relief under *McGirt v. v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020). He alleges he is one-half Choctaw Indian through his father, and has a Certificate of Degree of Indian Blood (CDIB) as proof.[1] (Dkt. 1 at 4). He also claims he has a CDIB number through his mother, and his crimes occurred in the Canadian District of the Cherokee Reservation in southern Muskogee County. (Dkt. 1 at 3).

**I. Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA), and Petitioner has not exhausted the state court remedies for his claim (Dkt. 8). Petitioner has filed a response to Respondent's motion. (Dkt. 15). The following

---

[1] Respondent asserts Petitioner is not a recognized citizen of the Cherokee Nation (Dkt. 9-29), however, Petitioner also claims he is a member of the Choctaw Nation (Dkt. 1 at 4).

dates are pertinent to the motion to dismiss:

>**March 21, 2019:**  Petitioner's direct appeal was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2018-156.  (Dkt. 9-3).
>
>**April 15, 2019:**  Petitioner filed his first application for post-conviction relief in the Muskogee County District Court.  (Dkt. 9-5).
>
>**May 8, 2019:**  Petitioner filed his second request for post-conviction relief in the Muskogee County District Court, asserting he is Native American and challenging subject matter jurisdiction.  (Dkt. 9-6).
>
>**May 10, 2019:**  The state district court denied Petitioner's first request for post-conviction relief.  (Dkt. 9-7)
>
>**May 21, 2019:**  Petitioner filed in the state district court an untitled motion to modify his case.  Petitioner claimed the State of Oklahoma had no jurisdiction over his case and asked to vacate his conviction and sentence upon validation of his "Indian Blood."  (Dkt. 9-8).
>
>**June 19, 2019:**  Petitioner's conviction became final 90 days after his conviction was affirmed by the OCCA on direct appeal, and his statutory year began the next day on **June 20, 2019**.
>
>**June 21, 2019:**  The district court denied Petitioner's second request for post-conviction relief, finding his claim pursuant to *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), was premature.  (Dkt. 9-9).[2]
>
>**September 27, 2019:**  Petitioner filed his third untitled request for post-conviction relief in the Muskogee County District Court, asking to "modify the case" to present "crucial new evidence" that he "is an American Indian by blood" who was "tried in the wrong court."  (Dkt. 9-10).
>
>**October 30, 2019:**  The state district court denied Petitioner's third request for post-conviction relief, again finding his *Murphy* claim was premature.  (Dkt. 9-11).
>
>**November 22, 2019:**  Petitioner filed his fourth untitled request for post-conviction relief in the Muskogee County District Court, stating his intention to present "new and crucial evidence" that he "is an American Indian by blood quantum" who "should have been tried in Federal or Tribal court." (Dkt. 9-12 at 1).

---

[2] The state district court's decision is titled "Order Denying Petitioner's Second Application for Post-Conviction Relief," although it states that "Petitioner's two untitled motions, filed May 8 and May 21 of 2019, . . . are Applications for Post-Conviction Relief" (Dkt. 9-9 at 1).

**February 14, 2020:** The state district court denied Petitioner's fourth request for post-conviction relief, once again stating Petitioner's claim was premature. (Dkt. 9-13).

**February 25, 2020:** Petitioner filed his fifth untitled request for post-conviction relief in the Muskogee County District Court in response to the state district court's denial of his fourth post-conviction application. Petitioner complained that the State violated Okla. Stat. tit. 22, § 1083(A), by not filing a response to his post-conviction application. (Dkt. 9-14).

**March 16, 2020:** Petitioner filed his sixth and seventh requests for post-conviction relief in the Muskogee County District Court, again raising jurisdictional claims. (Dkts. 9-15, 9-16).

**March 19, 2020:** The state district court denied Petitioner's fifth, sixth, and seventh requests for post-conviction relief, barring Petitioner from raising his duplicitous claims before there is a final ruling on *Murphy* by the United States Supreme Court. Petitioner further was advised that the court would not consider Petitioner's application unless it is on the proper form. (Dkt. 17).

**March 19, 2020:** Petitioner filed his eighth request for post-conviction relief in the Muskogee County District Court, again raising the jurisdiction claim. It was not on the proper form. (Dkt. 9-18).

**March 20, 2020:** Petitioner filed his ninth request for post-conviction relief in the Muskogee County District Court. It was not on the proper form, and it raised the jurisdiction claim. (Dkt. 9-19).

**March 23, 2020:** Petitioner filed his tenth request for post-conviction relief in the Muskogee County District Court. Again, it raised the jurisdiction claim and was not on the proper form. (Dkt. 9-20).

**March 25, 2020:** Petitioner filed his eleventh request for post-conviction relief in the Muskogee County District Court, raising the jurisdiction claim. It was not on the proper form. (Dkt. 9-21).

**June 20, 2020:** Absent statutory tolling, Petitioner's statutory year expired. Because June 20, 2020, was a Saturday, Petitioner had until **Monday, June 22, 2020**, in which to file the his habeas corpus petition.[3]

**July 21, 2020:** Petitioner filed his twelfth, thirteenth, and fourteenth requests for post-conviction relief in the Muskogee County District Court. (Dkts. 9-22, 9-23, 9-24).

---

[3] *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

**July 30, 2020:** The state district court denied Petitioner's eighth, ninth, tenth, eleventh, twelfth, thirteenth, and fourteenth requests for post-conviction relief. Petitioner had failed to comply with the statutory requirements or to use the proper form. He was advised that if he sought to refile his motions, he must use the appropriate form and file a single application, not multiple documents. (Dkt. 9-25).

**October 16, 2020:** Petitioner filed his fifteenth request for post-conviction relief in the Muskogee County District Court, raising the Indian Country claim. (Dkt. 9-26).

**May 4, 2021:** The state district court denied Petitioner's fifteenth post-conviction application. *See* Oklahoma State Courts Network (OSCN).[4]

**February 12, 2021:** Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[4] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

On July 30, 3018, Petitioner filed a direct appeal of his Judgment and Sentence, raising claims of prosecutorial misconduct, failure to properly instruct the jury, and cumulative error (Dkt. 9-1). As set forth above, the OCCA affirmed his Judgment and Sentence on March 21, 2019 (Dkt. 9-3). His conviction, therefore, became final on June 19, 2019, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on June 20, 2019, and it expired on June 20, 2020. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition, filed on February 12, 2021, was untimely.

**A. Statutory Tolling**

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). Respondent alleges Petitioner is not entitled to statutory tolling based on his numerous successive post-conviction filings in the state district court.

Petitioner filed his first application for post-conviction relief on April 15, 2019, well within the AEDPA's statutory year, raising issues related to his trial and appeal. Before a ruling was issued on that filing, Petitioner filed a second post-conviction application on May 8, 2019, citing *Murphy* and claiming he is of Native American descent and that he should

5

have been tried in federal or tribal court. In the following months, Petitioner inundated the state district court with repeated motions. As discussed below, however, Petitioner's multiple requests for post-conviction relief should not be considered in the statutory tolling analysis, because none of the filings, except his fifteenth post-conviction application, filed on October 16, 2020, were verified and properly filed under Oklahoma state law.

As a general matter, federal courts look to state procedural laws to ascertain whether a state petition for collateral review is properly filed for the sake of AEDPA statutory tolling. *Burger v. Scott*, 317 F.3d 1133, 1139 (10th Cir. 2003). In this context, the Supreme Court has explained that an application for collateral review is "properly filed" for purposes of statutory tolling when that petition's "delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . for example, the form of the document, the time limits upon its discovery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Under the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080, a defendant must file a verified application for post-conviction relief in the situs of the Judgment and Sentence in order to trigger the collateral post-conviction review process. *See* Okla. Stat. tit. 22, § 1081 (2011) (establishing requirements for a verified application for post-conviction relief); *Logan v. State*, 293 P.3d 969, 978-79 (Okla. Crim. App. 2013) (noting that post-conviction applications that fail to comply with the bare minimum requirements under Oklahoma law "can be summarily disposed of by the district court," even without receiving an answer from the State) (citing Okla. Stat. tit. 22, § 1081 (2011)).

Here, Petitioner's unverified and procedurally improper efforts to repeatedly seek post-conviction review on the same Indian County issue should not give him the benefit of statutory tolling in this case. His successive post-conviction filings had a procedural defect,

because they were not "verified" under Okla. Stat. tit. 22, § 1081 (2011), and therefore were not "properly filed." *See Artuz*, 531 U.S. at 8. *See also Horton v. Tuggle*, No. 19-CV-255-JFH-KEW, 2021 WL 767862, at *4 (E.D. Okla. Feb. 26, 2021) (unpublished) (refusing to award statutory tolling for a belated habeas petition when the petitioner's efforts at securing state post-conviction relief rested on an improperly filed post-conviction application under Oklahoma state law, and finding the petition was untimely); *Ferrell v. Allbaugh*, No. 17-CV-CVE-JFJ, 2018 WL 358512, at *3 (N.D. Okla. Jan. 10, 2018) (unpublished) (reasoning that the habeas petitioner's improperly filed state post-conviction application was not "properly filed" for purposes of § 2244(d)(2), and thus, the statute of limitations was not tolled during post-conviction proceedings).[5]

Respondent contends it is questionable and unlikely that Petitioner's numerous requests for post-conviction relief complied with the bare minimum procedural requirements for proper filing. Petitioner failed to use the proper form for an application for post-conviction relief, as promulgated by the OCCA. *See* Form 13.11, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App (2019). His first post-conviction application apparently was a recycled post-conviction application into which Petitioner inserted his own handwritten caption of the case, statement of the case, and statement of facts (Dkt. 9-5). Not until his fifteenth application was filed on October 16, 2020, did he finally use the properly verified Form 13.11, pursuant to the OCCA's Rules and filing requirements, instead of his self-styled format (Dkt. 9-26). By then, however, the statutory year already had

---

[5] In both *Horton* and *Ferrell*, the OCCA had found that each petitioner's post-conviction application was improperly filed under state law, therefore, the federal district court in each of those cases rested its "properly filed" reasoning on the OCCA's prior determination in that respect. *See Horton*, 2021 WL 767862, at *4; *Ferrell*, 2018 WL 358512, at *3. In Petitioner's case, he never filed a post-conviction appeal to the OCCA, therefore, this Court must speculate whether the OCCA would have found any of his first fourteen post-conviction filings in the state court were procedurally proper under Oklahoma law.

run. Therefore, his application was not "properly filed" under Oklahoma law, and he is not entitled to statutory tolling of the AEDPA.

The state district court's handling of Petitioner's repetitive requests for post-conviction relief evolved over time. The district court initially addressed the substance of Petitioner's claims in his first post-conviction application and found his claims were either procedurally barred or substantively meritless. (Dkt. 9-7). Then, beginning with his second post-conviction application, Petitioner began his Indian Country jurisdictional claim which he repeated in every successive post-conviction application afterward. The district court, in denying relief for the second, third, and fourth post-conviction applications, found that Petitioner's Indian Country claim was premature until the Supreme Court ruled on that issue. (Dkts. 9-9, 9-10, 9-11). Therefore, the state district court did not explicitly deny Petitioner's first four post-conviction applications based on noncompliance with the requirement that those applications be properly verified under Oklahoma law or that he had failed to use the OCCA's Form 13.11.

As Petitioner's Indian Country filings continued, the district court denied relief for the later post-conviction applications and repeatedly cautioned Petitioner against filing frivolous, unverified motions. In its Order Denying Petitioner's Fifth, Sixth, and Seventh Applications for Post-Conviction Relief, the district court stated:

> Further, Petitioner's repeated filings on this matter are becoming duplicitous and frivolous. Petitioner is barred from raising these claims until there is a final ruling on the matter. **Further frivolous filings may lead to the loss of pauper status.**
>
> Additionally, the Court advises Petitioner that he has repeatedly failed to comply with, by failing to use the proscribed form for an Application for Post-Conviction Relief, OCCA Form 13.11. **This Court will not consider Petitioner's Application until it complies with 22 O.S. § 1081 and is filed using the required form.**

(Dkt 9-17 at 3) (emphasis in original). Later, in its Order Denying Petitioner's Eighth

8

Through Fourteenth Applications for Post-Conviction Relief, the district court again cautioned Petitioner against frivolous, improper post-conviction filings:

> Petitioner has again raised a claim based on *Murphy v. Royal*. However, despite being advised by the Court to comply with the requirements of 22 O.S. § 1081 and use the requisite form, Petitioner failed to do so. The Court notes that instead of complying with § 1081, Petitioner has chosen to resubmitted [sic] the same handwritten recitation of citations, repeatedly.
>
> This Court will not consider Petitioner's Application unless it follows the appropriate form. If Petitioner seeks to refile his motions, this Court Orders Petitioner to use the appropriate form and to file a single application for the relief sought, not multiple separate documents, each urging but a portion of a single argument.

(Dkt. 9-25 at 3) (footnote omitted).

Despite the fact that the district court did not make explicit findings on the unverified nature of Petitioner's first four application for post-conviction relief, Petitioner's post-conviction motions did not comply with Okla. Stat. tit. 22, § 1081, and were not submitted on the OCCA's Form 13.11. Respondent argues that if Petitioner had appealed the district court's denial of relief to the OCCA on post-conviction appeal, the OCCA would have reversed the district court's decision based on his failure to properly verify his applications, as happened in *Horton*, 2021 WL 767862, at *3 ("As the lack of verification would be fatal to any request for post-conviction relief and caused Petitioner's documents to be incapable of invoking the District Court's jurisdiction under the Post-Conviction Procedure Act, we **FIND** that the District Court's order denying Petitioner's 'Application for Post-Conviction Relief' should be vacated") (bold and capitalization in original).

The state district court correctly found that Petitioner's fifth through fourteenth post-conviction applications failed to comply with the requirements of the Post-Conviction Procedures Act. (Dkts. 9-17, 9-25). As discussed above, Petitioner's fourteen unverified applications for post-conviction relief were not "properly filed" under Oklahoma law, and

9

those collateral filings thus did not statutorily toll Petitioner's AEDPA year. *See Horton*, 2021 WL 767862, at *4; *Ferrell*, 2018 WL 358512, at *3. Because Petitioner's statutory year expired on June 22, 2020, without the benefit of tolling, Petitioner's petition is untimely. *See* 28 U.S.C. § 2244(d)(1)(A).

### B. Tolling Pursuant to 28 U.S.C. § 2244(d)(1)(C)

The Court also finds Petitioner is not eligible for tolling under 28 U.S.C. § 2244(d)(1)(C), which establishes that the statutory year runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Petitioner does not directly claim that § 2244(d)(1)(C) is applicable, his argument seems to rest on the Supreme Court's recent precedent in *McGirt* and *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020). As discussed below, *McGirt* does not provide a later start date for Petitioner's statutory year, and his habeas petition is untimely.

Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020--the date of the *McGirt* decision--as the starting date for his one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(C). "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). On the other hand, a case does not "announce a new rule" where "it 'was merely an application of the principle that governed'" an earlier decision. *Id.* at 307 (citation omitted). Here, Respondent argues that *McGirt* was merely an application of *Solem v. Bartlett*, 465 U.S. 463 (1984), and it should not give Petitioner a new starting date. More important, the OCCA recently denied retroactive application to *McGirt* to cases

10

on collateral review, and the U.S. Supreme Court denied a petition for a writ of certiorari. *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom*. *Parish v. Oklahoma*, No. 21-467, __ U.S. __, 142 S.Ct. 757 (2022).

Accordingly, Section 2244(d)(1)(C) is inapplicable in the present case, and Petitioner is not entitled to have his statutory year begin on any date other than the date on which his convictions became final. In addition, none of Petitioner's first fourteen applications for post-conviction relief were properly filed, so he cannot receive the benefit of statutory tolling.

### C. Equitable Tolling

The Court further finds Petitioner is not entitled to equitable tolling of the limitation period. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). Petitioner must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to diligently pursue his federal claims. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Here, Petitioner has failed to address in his response to the motion to dismiss how his tardiness should warrant equitable tolling in this circumstance. (Dkt. 15). Because Petitioner has not made any argument that he is entitled to equitable tolling in this case, he has failed

11

to meet his "strong burden" of showing why his untimely petition should be saved by equitable tolling. *See Yang*, 525 F.3d. at 928.

## II. Exhaustion of State Court Remedies

Respondent also argues that Petitioner's habeas petition is unexhausted. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Petitioner's response to Respondent's motion to dismiss fails to address the issue of exhaustion. (Dkt. 15). Respondent claims that Petitioner asserted in an attachment to his petition (Dkt. 1-1) that he fairly presented his Indian Country jurisdiction claim to the OCCA (Dkt. 9 at 29). There is, however, no docket entry with that number in the case file.

Respondent asserts that after diligent and comprehensive research, he could find absolutely no record that Petitioner ever sought a post-conviction appeal in the OCCA following denial of post-conviction relief in the district court. Instead, Petitioner repeatedly and unsuccessfully pursued his jurisdiction claim before the district court. The only record

12

of appellate proceedings brought by Petitioner in the OCCA was his direct appeal in Case No. F-2018-156, which did not involve an Indian Country jurisdictional claim attacking his Judgment and Sentence (Dkt. 9-3). The Court, therefore, finds Petitioner has not exhausted his claim in the state courts by bringing the challenge to the OCCA on post-conviction appeal.

The Court further finds that dismissal of the petition, instead of a stay and abeyance, is the proper course of action in this case. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for Petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Petitioner has not shown good cause for his failure to exhaust state court remedies, and this Court should dismiss the petition.

### III.  Certificate of Appealability

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED as moot.

**IT IS SO ORDERED** this 8th day of March 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA