IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LUTHER DON HYSLOP,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 21-045-RAW-KEW** |
| | ) | |
| **CARRIE BRIDGES, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On February 12, 2021, Petitioner filed this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 (Dkt. 1). He raised one ground for relief:

> I am an American Indian by Blood, and by my U.S. military records. And I
> began my school years at the Ross Indian Mission School, and I have a
> C.D.I.B. number from my Mothers side of (2021) and my roll # is 36996, and
> I recieved it in 1984. My C.D.I.B. # from my Dad's side is 577, and I am 1/2
> Choctaw from it. I was accused of a crime of which I am able to prove my
> innocents, yet I was not allowed to submit as evidence at my trial because of
> my attorney's having not submitted it in discovery, or so the court transcript
> will show, was in the Canadian District, of the Cherokee Nation Reservation
> of the 1846 Treaty, or also according to the 18 U.S.C. §1151(a) "All" Land
> within the Limits of "ANY" Indian reservation under the jurisdiction of the
> United States Gov., notwithstanding the issuance of "ANY" patent. Therefore,
> I am In custody in Violation of the Constitution of U.S.

(Dkt. 1 at 4) (spelling and syntax in original).

On March 8, 2022, the Court dismissed Petitioner's petition as barred by the statute

of limitations and unexhausted, and Judgment was entered on that date (Dkts. 23, 24).

Petitioner subsequently filed three post-judgment motions challenging the Court's decision:

> (1)    Motion Objection To Judges Order dated March 8th 2022; pursuant To
> 28 U.S.C. § 636(b)(c), And Request for Clarification, de novo Review, as This

Court has not seen the entire petition (Dkt. 25, filed on March 14, 2022);

(2)     Motion F.R. Civ. P. 59(e), Alter or Amend, And 28 U.S.C. § 636(b)(1)(C) and (B), Request for Clarification Page 5, and Response To, (July 30, 3018) (Dkt. 26, filed on March 25, 2022); and

(3)     Motion For State Court's Violation of Brady v. Maryland, 373 U.S. 83 (1962); State's Failure to Disclose Lack of Legal License, Of Judge, Prosecutor, Defense Attorney's.  For Indian Country Jurisdiction: an "ANY" Jurisdiction in U.S. For due Process, 4th, 5th, 6, 14, Amendments; Rule 59(e). Actual Innocence Gateway Exception, . . . .  (Dkt. 29, filed on April 28, 2022).

(spelling, punctuation, and syntax in original motions).

Petitioner's present motions are repetitive, and portions appear to be boilerplate pleadings with no specificity or acknowledgment of the Court's factual or legal findings. Instead, he reiterates that he is an Indian, and he seems to believe that the timeliness of a habeas petition is irrelevant when an Indian Country claim is concerned.  As the Court set forth in its Opinion and Order, *McGirt* did not create a new trigger date for a habeas petition's timeliness.

Petitioner also cites 28 U.S.C. § 636(b)(1)(C), which concerns the powers and duties of federal magistrate judges.  With regard to Petitioner's three motions at issue, the assigned magistrate judge did not enter any recommendations or the contested Opinion and Order that dismissed the petition (Dkt. 23), so Petitioner has no claim under § 636(b).

**Motion Objection To Judges Order dated March 8th 2022; pursuant To 28 U.S.C. § 636(b)(c), And Request for Clarification, de novo Review, as This Court has not seen the entire petition (Dkt. 25)**

Petitioner complains in this rambling 38-page motion that "[t]his Court has not seen

2

the entire petition," and the Department of Corrections has impeded his right to file the correct post-conviction forms in a timely manner. He also asserts that the Covid-19 pandemic was an impediment to his filing an adequate response to an unspecified recommendation by the Magistrate Judge. (Dkt. 25 at 1).

The body of Petitioner's motion appears to be a boilerplate document. It raises issues regarding the Federal Speedy Trial Act, 18 U.S.C. §§ 3161-74, and Rules 48(b) and 50 of the Federal Rules of Civil Procedure, which were not included in the petition. (Dkt. 25 at 6-9). The motion also has a vague section requesting "clarification" about subject matter jurisdiction (Dkt. 9-10) and a section labeled "Diphanous" (Dkt. 25 at 10-11) which states in part:

> Oklahoma "{Does-Not}" have jurisdiction over "{ANY}" criminal offense committed by or against "{Any Indian}" within "{Indian Country}", it does appear that the "{reasonable jurists}" of the United States Supreme Court, do hold, that there is an "{Absence}" of "{available State corrective process}", and that circumstances exist that render such process ineffective to protect the rights of the "{Indian}" applicant, see *McGirt v. Oklahoma*, 140 U.S. Supreme Court (2020); also *Murphy V. Sharp*, 140 U.S. Supreme Court (2020).

*Id.* at 10 (spelling, punctuation, and syntax in original). The remainder of the motion is a prolix, repetitive commentary on the law related to Indians and habeas corpus, among other things.

Petitioner again argues in a "conclusion" that Oklahoma courts lack jurisdiction over crimes under the Major Crimes Act, and the parties cannot consent to any court lacking jurisdiction. (Dkt. 25 at 25). He also contends he "'cannot consent'" to exhaust his state

remedies," and "there is an absence of available state corrective process."  *Id.* at 25-26.

Petitioner further asserts:

> [T]he state Courts of Oklahoma have adjudicated Plaintiff/Petitioner's claim, and resulting in a decision that was ("contrary-to)", or involved an unreasonable application of, clearly, established Federal Law, as determined by the Supreme Court of the United States, 28 U.S.C.S. [sic] § 2254(d)(1), thus creating a "(colorable claim of innocence)" by denying Plaintiff/Petitioner's "(sixth Amendment right to court in the legally ascertained district)", and prejudicing Plaintiff/Petitioner, by "(violating due process)" of the Sixth and Fourteenth Amendments, see also Fifteenth Amendment for "{Racial Bias}".

*Id*. at 26 (spelling, punctuation, and syntax in original).

The rest of this motion to clarify consists of pages of citations and generalized statements of what Petitioner believes is the relevant law.  A motion to clarify is not a proper pleading under the Federal Rules of Civil Procedure, so the Court liberally construes the motion as a motion to reconsider, filed pursuant to Fed. R. Civ. P. 59(e).

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits."  *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted).  The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).  Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.  *Servants of the Paraclete*, 204 F.3d at 1012.  "A party's failure to

4

present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

As stated above, Petitioner's habeas petition was dismissed as barred by the statute of limitations and for failure to exhaust state court remedies. Petitioner's motion completely fails to address the reasons for the dismissal, instead repeatedly arguing that the state courts lacked jurisdiction over his claims, because he is an Indian, and the motion does not clearly set forth exactly what he wants "clarified." Based on the inadequacy of the motion, Petitioner's motion filed on March 14, 2022 (Dkt. 25) is DENIED.

**Motion pursuant to Fed. R. Civ. P. 59(e), Alter or Amend, And 28 U.S.C. § 636, Request for Clarification page 5, and Response to July 30, 3018 [sic] (Dkt. 26)**

On March 25, 2022, Petitioner filed a second motion pursuant to Rule 59(e) and 28 U.S.C. § 636, and a request for clarification of the Court's Opinion and Order entered on March 8, 2020, because of "errors throughout." (Dkt. 26 at 1). He references Rule 3.11, presumably of the Rules of the Oklahoma Court of Criminal Appeals, regarding supplementation of the record to show ineffective assistance of appellate counsel. Although unclear, it seems he is claiming that if the state had appointed appellate counsel his jurisdiction claim could have been raised in his first post-conviction application of October

5

4, 2017. He contends this shows "actual prejudice" of his habeas corpus proceedings. Petitioner also argues the Respondent gave this Court "false information" in the form of the wrong starting date for the one-year tolling of 28 U.S.C. § 2244(d)(2). *Id.* at 2-3.

Petitioner further asserts the Covid-19 "state of emergency" in January 2020 and in 2021 created "extraordinary circumstances" that prevented timely filing of his habeas petition. He also was "maliciously" placed in lockdown at his facility to prevent his access to state and federal forms, under the pretense of protecting him from the coronavirus. This resulted in his having to file handwritten forms in the courts. *Id.* at 3-6.

Regarding Petitioner's failure to exhaust his state court remedies, he attempts to place the blame on the state district court clerk, but with no supporting evidence or authority. *Id.* at 18. He also maintains the treaties between the Indian tribes and the United States government are the supreme law of the land. *Id.* at 19.

Petitioner fails to identify or offer any "new evidence previously unavailable," much less explain how reconsideration is necessary to "correct clear error or prevent manifest injustice," and none of Petitioner's arguments amount to a proper basis for reconsideration under Rule 59(e). *See Servants of Paraclete*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Court finds Petitioner's Rule 59(e) motion does not quality under any of the narrow reasons for reconsideration under the rule. Instead, he continues to argue the same meritless Indian Country argument he previously has presented to this Court. Even giving a liberal construction to the motion, the Court finds no merit in his arguments. *See Childers v. Crow*,

6

1 F.4th 792, 798 (10th Cir. 2021) (although a pro se litigant is entitled to the benefit of liberal construction, a federal court may not serve as his advocate and may not rewrite his pleadings to include arguments not presented). Therefore, Petitioner's second motion, filed on March 25, 2022 (Dkt. 26), is DENIED.

**Motion filed on April 28, 2022 (Dkt. 29)**

On April 28, 2022, Petitioner filed a motion complaining about Oklahoma attorneys and judges who allegedly are not licensed to practice law in Indian proceedings. His motion reads in part:

> Motion for State Court's Violation of *Brady v. Maryland*, 373 U.S. 83 (1963), State's Failure to Disclose Lack of Legal License of Judge, Prosecutor, Defense Attorneys for Indian Country Jurisdiction and "ANY" Jurisdiction in U.S. For Due Process; 4th, 5th, 6th, 14th Amendments; Rule 59(e), Actual Innocence Gateway Exception, Any Federal, State, Municiple, or Tribal Jurisdiction "MUST," (1st) provide to the defendant the right to "Effective" assistance of counsel at "least Equal" to that guaranteed by the United States Constitution; (2nd) At the expense of the government claiming Jurisdiction, provide an indigent defendant the assistance of a defense Attorney "{Licensed}" to Practice "Law by "{ANY}" Jurisdiction in the "United States," that applies appropriate professional Licensing standards and effectively ensures the "{Competence}" and proffessional responsibility of it's "{licensed attorneys;}" (3rd) "{Require that the Judge}" presiding over the criminal proceedings--(A) Has sufficient Legal training to preside over criminal proceedings; (B) Is "{Licensed}" to practice Law by "{ANY}" Jurisdiction in the United States. . . .

(Dkt. 29 at 1-2).

The motion also mentions the alleged history of prosecutions of major crimes by Indians on Indian allotments and complains about state-court trial attorneys and judges who practice in the Indian Nation. *Id*. at 2-4.

The motion is repetitive and unclear.  The Court, however, construes it as an argument that his trial attorney and trial judge were not licensed to practice in Indian Country.[1]  He apparently is alleging this situation resulted in his actual innocence and excused the state procedural bar to an ineffective assistance of counsel claim under *Brady*.  *Id.* at 4.[2]  Petitioner argues that the fact that the attorneys involved in his prosecution were not licensed to practice in Indian Country "would have been "{Exculpatory}" evidence for the favorability of the accused to obtain a Fair Trial . . . .  That evidence must be, or have been, suppressed by the state, either willfully or inadvertently . . . ."  *Id*. at 6.

Petitioner's habeas corpus petition raised a claim that he was entitled to relief under *McGirt*, because he is an Indian, and his crimes occurred in the Canadian District of the Cherokee Reservation in southern Muskogee County.  (Dkt. 1 at 3).  The petition, however, made no claims of ineffective assistance of counsel, actual innocence, or special licensing for lawyers.

Based on the timing and substance of the motion, the Court finds Petitioner's third motion also should be construed as arising under Fed. R. Civ. P. 59(e).  Like the first and second motions, it was filed within 28 days of the Court's Opinion and Order dismissing the

---

[1] Petitioner has submitted no authority concerning whether Oklahoma attorneys can be "licensed" to practice in state district courts within Indian Country.

[2] *Brady v. Maryland*, 373 U.S. 83 (1963), held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87.  That is not the situation in this case, so *Brady* is inapplicable.

action, and he is challenging this Court's Judgment.  Further, to the extent Petitioner is attempting to raise an entirely new habeas claim, this Court lacks jurisdiction to hear the claim.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . claim until [the circuit] court has granted the required authorization."); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).  Petitioner's third motion (Dkt. 29) is thus DENIED.

**Certificate of Appealability**

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether Petitioner's motions state a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also* 28 U.S.C. § 2253(c).  Therefore, Petitioner is denied a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY**, Petitioner's three motions for relief pursuant to Fed. R. Civ. P. 59(e) (Dkts. 25, 26, 29) are DENIED, and Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 21st day of February 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE