## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUTHER DON HYSLOP, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV 21-045-RAW-DES |
| CARRIE BRIDGES, | ) ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER

Petitioner initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 12, 2021. (Dkt. 1). He alleged he was entitled to relief under *McGirt v. v. Oklahoma*, __ U.S. __, 140 S.Ct. 2452 (2020), because he is an Indian, and his crimes occurred in the Canadian District of the Cherokee Reservation in Muskogee County, Oklahoma. (Dkt. 1 at 4). On March 8, 2022, Petitioner's habeas petition was dismissed as time-barred and for his failure to exhaust state court remedies, and judgment was entered. (Dkts. 23, 24).

**Petitioner's December 8, 2022, Motion for Relief from Judgment or Order (Dkt. 30)**

On December 8, 2022, Petitioner filed a confusing, prolix, 60-page "motion" which the Court construes as a motion for relief from a judgment or order pursuant to 28 U.S.C. § 60(b). (Dkt 30 at 1-2).[1] The motion is very repetitive and difficult to understand. He cites many cases and legal references, but fails to connect them with the judgment from this Court that he is challenging. He asserts the judgment is "void" for lack of jurisdiction, however, he apparently is referencing the state-court judgment, not this Court's judgment. (Dkt. 30 at 6). Petitioner also complains that he "was '[NOT]' provided with '[Qualified-Counsel-Of-Choice]'[,] [b]ecause "[Qualified Counsel of Petitioner's Choice]" would have been licensed in "[Federal-Indian-Law]!'" *Id*. at 7. He contends this alleged failure was a violation of the Sixth Amendment. *Id.* at 8.

Because Petitioner filed his Rule 60(b) motion in the context of a habeas proceeding the

---

[1] The second page of the motion states, "VOID Judgment Under 28 U.S.C.S. § 60(b)(4); For Illegal Trial, 'NO'-Qualified Attorney; 28 U.S.C.S. § 636(b)(1)(C) Motion for Objection to Court's Order."

Court must determine whether the motion is a "true" Rule 60(b) motion, or it instead should be treated as a second or successive habeas corpus petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id*. at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id*. at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216.

> If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

*Spitznas*, 464 F.3d at 1217.

Petitioner's habeas petition was dismissed as time-barred and for failure to exhaust state-court remedies. (Dkt. 23). He, however, has not addressed these issues in this Rule 60(b) motion. Instead, he reiterates his claim about the state court's jurisdiction and raises a new claim that he did not receive appointed state-court counsel who was licensed to practice Indian law.

Petitioner's jurisdictional claim was found in the Court's previous Opinion and Order to be unexhausted. (Dkt. 23 at 12-13). Further, there is no evidence that Petitioner's claim regarding specialized counsel for his state proceedings has been presented to the state courts as required by 28

2

U.S.C. § 2254(b), thus it also is unexhausted. On March 8, 2022, this Court found that Petitioner's jurisdiction claim was barred by the statute of limitations, *id.* at 10-12, and the claim regarding specialized counsel subsequently was presented to this Court, making both claims time-barred. Therefore, Petitioner's Rule 60(b) motion should be treated as a second or successive habeas petition.

Because this Rule 60(b) motion is untimely, unexhausted, and second or successive, the Court finds it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). This Court should instead exercise its discretion to deny the petition. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Petitioner's motion pursuant to Rule 60(b), construed as a second or successive habeas petition (Dkt. 30), is DENIED.

**Petitioner's March 2, 2023, Motion for Relief from Judgment or Order (Dkt. 33)**

On March 2, 2023, Petitioner filed an "Objection to Magistrates [sic] Closing of Case." (Dkt. 33). He alleges he has "newly discovered evidence [that the] OCCA's mandate was not received until October 15, 2019." *Id.* at 1. He has attached a copy of the OCCA's mandate in Case No. F-2018-156, concerning the resolution of his appeal in Muskogee County District Court Case No. CF-2016-790. *Id.* at 5.

Because Petitioner is "seeking leave to present 'newly discovered evidence' in order to advance the merits of a claim previously denied," *Spitznas*, 464 F.3d at 1216, the Court construes the request as a motion under Rule 60(b) and construes it as another second or successive petition, *id.* There is no indication that this claim has been exhausted, and it clearly is untimely, therefore, the Court finds it is "clearly doomed" and denies the petition. *See Phillips v. Seiter*, 173 F.3d 609,

610-11 (7th Cir. 1999) .[2]

**Certificate of Appealability**

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *See Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). To obtain a certificate of appealability to challenge the Court's procedural ruling, Petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner cannot make the required showing, therefore, he is denied a certificate of appealability.

**ACCORDINGLY,**

1. Petitioner's motion pursuant to Fed. R. Civ. P. 60(b), filed on December 8, 2022 (Dkt. 30) is construed as second or successive petition for a writ of habeas corpus and is denied.

2. Petitioner's motion pursuant to Fed. R. Civ. P. 60(b), filed on March 2, 2023, (Dkt. 33) also is construed as second or successive petition for a writ of habeas corpus and is denied.

3. Petitioner is DENIED a certificate of appealability

**IT IS SO ORDERED** this 17th day of August 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] The claim also fails on the merits, because the date of the mandate is not relevant to calculation of the statute of limitations. Petitioner's conviction became final on June 19, 2019, ninety days after the OCCA affirmed his conviction on direct appeal. (Dkt. 23 at 2). The limitation period is not measured by the date Petitioner's copy of the mandate affirming the conviction was sent to him. *See Trougg v. Jones*, 288 F. App'x 452, 453 (10th Cir. 2008).