# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

**LUTHER DON HYSLOP,**              )
                                    )
        Petitioner,         )
                                    )
v.                                  )   Case No. CIV 21-045-RAW-DES
                                    )
**CARRIE BRIDGES, Warden,**         )
                                    )
        Respondent.         )

## OPINION AND ORDER

On February 12, 2021, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging he was entitled to relief pursuant to *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020). (Dkt. 1). On March 8, 2022, this action was dismissed as unexhausted and time barred, and judgment was entered. (Dkts. 23, 24). Petitioner did not file an appeal. Instead, on March 14, 2022, he filed a motion of objection and request for "clarification." (Dkt. 25).[1] He subsequently filed two additional motions challenging his conviction and the Court's rulings. (Dkts. 26, 29). On February 21, 2023, the Court denied Petitioner's three motions challenging the Court's proceedings and denied a certificate of appealability. (Dkt. 32). Petitioner, however, continued to file motions. On August 17, 2023, his motions pursuant to Fed. R. Civ. P. 60(b) (Dkts. 30, 33) were construed as second or successive habeas petitions and denied, and a certificate of appealability again was denied. (Dkt. 35).

On August 28, 2023, Petitioner filed a motion pursuant to Fed. R. Civ. P. 59(e) (Dkt. 36) to clarify the Court's August 17, 2023, Opinion and Order. On September 14, 2023, he filed a

---

[1] A request or motion for "clarification" is not a proper pleading under the Federal Rules of Civil Procedure.

confusing 78-page motion for clarification of the Court's "error" under Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. 37). Construing these prolix motions liberally, the Court finds both motions rehash Petitioner's prior arguments related to his claims under *McGirt*. *See* Dkt. 23.

Petitioner filed these two most recent motions under Rule 59(e), however, under that statute, "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment," which was entered on March 8, 2022. (Dkt. 24). Therefore, the Rule 59(e) motions are construed as arising under Fed. R. Civ. P. 60(b), which concerns relief from a final judgment, order, or proceeding.

Because Petitioner filed his Rule 60(b) motions in the context of a habeas proceeding the Court must determine whether the motions are "true" Rule 60(b) motions, or they instead should be treated as second or successive habeas corpus petitions. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. This Court previously explained the following in its August 17, 2023 Opinion and Order:

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id.* at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive

>petition. *See id.* at 532 & n. 4.  Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216.  Here, the Court finds Petitioner is challenging the Court's previous rulings on the merits of his claims, therefore, the Rule 60(b) motions should be treated as second or successive habeas petitions.

>If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

*Spitznas*, 464 F.3d at 1217.  *See also* Dkt. 35 at 2.

Petitioner's two Rule 60(b) motions are unclear and repetitive.  He does not articulate what he wants the Court to "clarify" in the August 17, 2023, Opinion and Order, instead attaching a copy of the document and circling random words and phrases without explanation.  (Dkt. 36 at 6-9; Dkt. 37 at 62-65).  He reiterates his jurisdictional claim in his first motion, but adds nothing new to his arguments.  (Dkt. 36).  His second motion argues that he timely applied to the Tenth Circuit for habeas relief on October 16, 2019.  (Dkt. 37 at 1).  His presumed "documentation," however, is merely a letter from the Tenth Circuit stating that his habeas documents were being returned unfiled, because he did not have an active, pending case in that Court.  (Dkt. 37 at 66).

Because Petitioner's Rule 60(b) motions are untimely, unexhausted, and second or successive habeas petitions, the Court finds it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Petitioner's claims.  *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as

time-barred cases, that are "clearly doomed"). This Court should instead exercise its discretion to deny the petitions. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Therefore, Petitioner's motions pursuant to Rule 60(b) (Dkts. 36, 37) are construed as second or successive habeas petitions, and the petitions are DENIED.

**Certificate of Appealability**

A certificate of appealability "is required to appeal a Rule 60(b) motion in a habeas case." *See Johnson v. Patton*, 804 F. App'x 928, 930 (10th Cir. 2020). To obtain a certificate of appealability to challenge the Court's procedural ruling, Petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that Petitioner cannot make the required showing, therefore, he is denied a certificate of appealability.

**ACCORDINGLY**,

1. Petitioner's motions to clarify (Dkts. 36, 37) are construed as motions pursuant to Fed. R. Civ. P. 60(b).

2. The Rule 60(b) motions are denied as second or successive petitions for a writ of habeas corpus.

3. Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 23rd day of January 2024.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma